UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **JOSEPH LEE SIMPSON** | : | **DOCKET NO. 07-0770** |
| **VS.** | : | **JUDGE JAMES** |
| **OFFSHORE MARINE CONTRACTORS, INC.** | : | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is defendant, Offshore Marine Contractors, Inc.'s motion to transfer due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). [doc. # 6]. For reasons stated below, the motion is **DENIED**.

On October 18, 2006, Joseph Lee Simpson suffered serious injury while employed as an ordinary seaman aboard the L/B Nichole Eymard off the coast of Louisiana in Vermillion Block 101. At the time of the accident, the vessel was owned and operated by Offshore Marine Contractors, Inc. ("OMC"). On April 27, 2007, Simpson initiated the above-captioned suit against OMC under the Jones Act and General Maritime Law in the Monroe Division of the United States District Court for the Western District of Louisiana. On September 24, 2007, OMC filed the instant motion to transfer this matter to the United States District Court for the Eastern District of Louisiana. The basis for the motion is that venue does not lie in this district.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Plaintiff opposed the motion, and the matter is now before the court.

Plaintiff's complaint alleges causes of action under the Jones Act and General Maritime Law. (Complaint, ¶ 3). A Jones Act claim may be brought "at law" or under the court's admiralty jurisdiction. *Sanders v. Seal Fleet, Inc.*, 998 F. Supp. 729 (E. D. Tex. 1998) (citing *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1489 (5th Cir. 1992)). When, as here, plaintiff does not request a jury trial, and specifically invokes Rule 9(h) of the Federal Rules of Civil Procedure, the totality of circumstances indicate that plaintiff is proceeding on the basis of admiralty jurisdiction. *Noble Drilling, Inc. v. Davis*, 64 F.3d 191, 195 (5th Cir. 1995). Venue in an admiralty case "lies wherever a district court has personal jurisdiction over the defendant." *Barnett v. Kirby Inland Marine, Inc.*, 202 F. Supp.2d 664, 667 (S. D. Tex. 2002) (citing *In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir.1981)). In the case *sub judice*, defendant concedes that it is subject to personal jurisdiction in the Western District of Louisiana. (Answer, Fourth Defense, ¶ 1). Accordingly, venue is proper in this district.

The court further observes that venue is proper in this district even if plaintiff were prosecuting his Jones Act claim "at law." Under the Jones Act, venue lies in the judicial district where the employer resides or where its principal office is located. 46 U.S.C. § 30104. To determine where an employer "resides" the courts look to 28 U.S.C. § 1391(c). *Pure Oil Co. v. Suarez*, 384 U.S. 202, 86 S. Ct. 1394 (1966). Under § 1391(c), venue is proper within any district where the corporate defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(c).[2]

---

[2] In *Davis v. Hill Engineering, Inc.*, the Fifth Circuit held that a corporation was subject to venue in all districts of any state where it was incorporated or licensed to do business. *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 323-24 (5th Cir.1977), overruled on other grounds. However, in 1988, Congress amended § 1391(c) and limited venue to only those districts where the corporate defendant's contacts suffice to confer personal jurisdiction. *See, Sanders, supra*.

In its opposition memorandum, plaintiff also addressed the propriety of transfer pursuant to 28 U.S.C. § 1404(a). However, defendant did not seek to transfer this matter on that basis, and thus it has not met its burden of proof. *See, Jackson v. Fugro Geoservices, Inc.*, 2005 WL 3543929 (E. D. La. 11/30/2005)(defendant did not attempt to meet its burden, and thus plaintiff's choice of forum should stand).

For the above-stated reasons, defendant's motion to transfer venue [doc. # 6] is hereby DENIED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of October 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

Defendant argues that when it is subject to personal jurisdiction in more than one district within a state, then venue lies only in that district which has the most significant contacts. 28 U.S.C. § 1391(c). However, the courts must discern the district with the most significant contacts only when "the corporation is doing business in the state sufficient in the aggregate to support personal jurisdiction against it, but . . . the activities are equally divided among the state's three districts and in none, individually, is the defendant doing enough to support a 'doing business' label." *See*, COMMENTARY ON 1988 AND 1990 REVISIONS OF SECTION 1391 by David D. Siegel. As defendant concedes personal jurisdiction in the Western District of Louisiana, that situation does not present itself here.